# JACKSON *v.* GETZ.

PATENTS; DILIGENCE IN REDUCING TO PRACTICE.

The testimony in an interference case offered to relieve appellants from a charge of want of due diligence in reducing to practice reviewed, and *held* insufficient; following Jackson v. Knapp, *ante*, p. 338.

No. 138.   Patent Appeals.   Submitted March 13, 1900.   Decided April 3, 1900.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John S. Barker* for the appellants.

There was no appearance for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This, like the preceding case, is an appeal from the Patent Office, in a matter of interference, in regard to conflicting claims for invention for an improvement in handles for velocipedes.   The application of August Getz and William C. Westall, the senior parties, was filed September 8, 1896, and that of William S. Jackson and Louis P. Perew, the junior parties, was filed the 26th of May, 1897.   The case involves very much the same facts as the preceding case, just decided, of *Jackson and Perew* v. *Knapp, ante,* p. 338; and as the same decision was reached in this as in that case, in the Patent Office, the errors assigned for the reversal of the decision of the Commissioner in this case are the same as were assigned in that case.   The issue of interference is as follows:

"A velocipede handle or grip consisting of an ellipsoidal pneumatic bulb having an unobstructed cavity and a longitudinal rigid shell or support which partially incloses the

bulb, leaving the upper portion thereof exposed, and which is provided at its inner end with a socket which embraces the inner end of the bulb, and by which the shell or support is attached to the handle-bar."

Getz and Westall, the senior parties, have neither filed a preliminary statement nor taken testimony; but stand alone upon their filing date of September 8, 1896, and rest their claim upon the constructive reduction to practice thus evidenced.

The junior parties, Jackson and Perew, have filed a preliminary statement, and taken testimony in support thereof. The proof would seem to show clear enough that the invention was jointly conceived by Jackson and Perew at a time considerably prior to the conception of the invention by Getz and Westall—at least, several months prior to the record date of their application, from which constructive reduction to practice is deduced. There is an attempt on the part of the junior parties, by the testimony of Jackson, given nearly a year after the filing of their application, to prove an actual reduction to practice of the invention, by constructing a pair of full-sized pneumatic grips, embodying the invention and applying the same to a bicycle, some five days prior to the filing of their application. But, without stopping to remark upon the credibility of this evidence, as to the time of making this pair of grips, it is sufficient to say that such evidence can not avail to relieve the parties from the consequences of their prior negligence. By the delay that was allowed to intervene, it devolved upon them to show reasonable diligence in their efforts to reduce to practice, commencing at a time prior to September 8, 1896, the filing date of the application by the appellees, and extending over the entire period ending in the latter part of May, 1897. Such proof has not been furnished. The proof offered in this case to relieve the parties of the charge of negligence is the same as that offered in the preceding case of Jackson and Perew against Knapp. And for the

same reasons that we held in that case that the appellants had not by sufficient proof relieved themselves of the consequences of their delay and neglect, we must hold that, by their delay and neglect, they have incurred the same consequences in this case; and that, therefore, the decision of the Commissioner of Patents must be affirmed. · The proceedings and this decision will be certified to the Commissioner of Patents; and it is so ordered.   *Ruling affirmed.*